IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DALE HINES,  | 2:98-cv-0784-GEB-EFB |
| Petitioner, | DEATH PENALTY CASE |
| v. | ORDER |
| EDDIE YLST, Acting Warden, | |
| Respondent. | |

On November 15, 2005, a magistrate judge filed recommendations ("November 15 recommendations") that summary judgment be entered against Petitioner on his penalty phase claims. Petitioner filed objections to the November 15 recommendations on December 15, 2005, in which he indicated that the issues in the November 15 recommendations should not be reached before the district judge reconsiders the magistrate judge's Order filed October 19, 2004, ("October 19 Order") which denied Petitioner's requests to expand the record.[1]

---

[1] These orders and filings concerning the same were just recently brought to the undersigned's attention. A procedure has been established that will result in earlier discovery of such filings.

1

1       The October 19 Order denied Petitioner's requests on both
2  procedural grounds and the merits.  On November 3, 2004, Petitioner
3  filed a request for reconsideration of the October 19 Order.  The
4  magistrate judge held Petitioner's motion was procedurally defective
5  because Petitioner "failed to develop the factual basis of a claim in
6  State court proceedings."  (October 19 Order at 4.)  The basis for
7  this conclusion is unclear.  Respondent's opposition brief filed
8  August 6, 2004, appears to concede that "Petitioner did make an effort
9  to develop facts [concerning certain of his record expansion requests]
10 while the matter was in state court and that the state court
11 proceedings ended before funds became available."  (Opp'n to
12 Petitioner's Supplemental Mem. in Supp. of Req. to Expand the R. on
13 Penalty Phase Issues at 3.)
14      Further, the magistrate judge appears to have relied on the
15 wrong Ninth Circuit standard when denying Petitioner's request to
16 expand the record with certain mitigating evidence that Petitioner
17 contends should have been presented at the penalty phase of his trial.
18 Specifically, the magistrate judge stated:

> The Ninth Circuit refuses to "impose a duty on
> attorneys to require sufficient background
> material on which an expert can base reliable
> psychiatric conclusions, independent of any
> request for information from an expert."
> Hendricks v. Calderon, 70 F.3d 1032, 1038-39 (9th
> Cir. 1995).  Thus, trial counsel were not
> ineffective in failing to provide background
> material if [clinical psychologist Dr. Edward]
> Grover never asked for it.

(October 19 Order at 9.)  However, Hendricks concerned trial counsel's
performance in the guilt phase, whereas the Ninth Circuit reveals in
Hovey v. Ayers, 458 F.3d 892 (9th Cir. 2006), trial counsel has a
different responsibility in the penalty phase:

> A defense attorney in the sentencing phase of a capital trial has a professional responsibility to investigate and bring to the attention of mental health experts who are examining his client . . . facts that the experts do not request. . . . Regardless of whether a defense expert requests specific information relevant to a defendant's background, it is defense counsel's duty to seek out such evidence and bring it to the attention of the experts.

458 F.3d at 925 (internal quotations omitted).

Since it is unclear whether the record should be expanded as Petitioner requests, and because a purpose of referencing the case to the magistrate judge is to obtain assistance on clarifying such issues, the October 19 Order is reversed and this case is remanded to the magistrate judge for further consideration of these issues and for any appropriate proceedings.[2]  Further, since the November 15 recommendations should not have issued before Petitioner's requests to expand the record on penalty phase issues were decided, these recommendations are deemed withdrawn.

IT IS SO ORDERED.

Dated: November 13, 2006

GARLAND E. BURRELL, JR.
United States District Judge

---

[2] This case was recently reassigned to a magistrate judge who did not author either of the referenced orders.