UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DALE HINES, | No. 2:98-cv-0784-TLN-EFB DP |
| Petitioner, | |
| v. | DEATH PENALTY CASE |
| RONALD DAVIS, | ORDER |
| Respondent. | |

Petitioner is a state death-row prisoner seeking a writ of habeas corpus under 28 U.S.C. § 2254. He requests to file certain documents under seal. ECF No. 355.

Local Rule 141 governs requests to seal documents. E.D. Cal. L.R. 141. That rule provides that documents may be sealed by order of the court upon the showing required by law. L.R. 141(a). It requires the party making the request to "set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the other documents, and all other relevant information." L.R. 141(b).

The "showing required by law" referred to by Rule 141 is a high one. The court operates under a strong presumption in favor of access to court records. *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (2016). Accordingly, a party seeking to file something under seal must present "compelling reasons" supporting the request. *Id.* The compelling reasons standard requires the court to: (1) find a compelling reason supporting sealing the record and (2)

1

articulate the factual basis for doing so, without relying on hypothesis or conjecture. *Id.* at 1096-97. The court must conscientiously balance the competing interests of the public and the party who wishes to keep the documents private. *Id.* at 1097. "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon v, Warner Commnc'ns, Inc.*, 435 U.S. 589, 599 (1978)). Some examples, however, are: (1) records that could be used to gratify private spite or promote public scandal; (2) records containing libelous statements; and (3) records that contain business information that could be used to harm a litigant's competitive standing. *Id.*

Petitioner seeks to file under seal 35 pages consisting of a funding request for expert assistance under 18 U.S.C. § 3006A(e) and 18 U.S.C. § 3559(f). Petitioner argues that the documents should be sealed because § 3006A authorize that funding requests may be made *ex parte* and § 3599(f) provides that "[n]o ex parte proceeding, communication, or request may be considered pursuant to this section unless a proper showing is made concerning the need for confidentiality." Petitioner states that the funding request relies on attorney-client communications that are privileged and attorney work-product that is confidential. Respondent does not oppose the request to seal.

The court finds that petitioner has shown compelling reasons to seal the documents, and his April 17, 2019 request to seal documents is therefore GRANTED. Petitioner's counsel shall follow the procedure provided by Eastern District of California Local Rule 141(i) to submit the documents to the Clerk. The Clerk shall then file the documents under seal, accessible only to the court and petitioner's counsel.

The court's order regarding the request for funding is filed under seal concurrently with this order.

So ordered.

DATED: May 30, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2